IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

JOHN McCORMICK and
ALICE McCORMICK, on behalf
of all other individuals similarly situated,

       Plaintiffs,

v.                                        CIVIL ACTION NO. 08-C-522

WELLS FARGO BANK d/b/a
WELLS FARGO HOME MORTGAGE,
and SAMUEL I. WHITE, P.C.

       Defendants.

## AMENDED COMPLAINT

1.      (a)      This case challenges two major causes of foreclosures in this state: (i) out-of-state foreclosure trustees that interfere with West Virginia borrower's right to reinstate their mortgage loans; and (ii) the predatory lending practice of inducing exploding adjustable rate mortgages to borrowers by representation of fixed rate.

      (b)      The increase of foreclosures and lack of procedural enforcement in West Virginia has attracted out-of-state foreclosure firms that routinely place obstacles, or in the worst cases, prevent borrowers from saving their homes from foreclosure. Every Deed of Trust permits a borrower to reinstate her or his mortgage loan by paying the arrearage prior to the foreclosure sale, and the federal Fair Debt Collections Practices Act provides borrowers with the right to seek verification of a debt. Out-of-state foreclosure counsel, such as the Defendant, Virginia-based firm Samuel I. White, P.C., violate the FDCPA in their form letter to borrowers and refuse to provide West Virginia borrowers with the figures necessary to stop the foreclosure sale, interfering with

-1-



EXHIBIT
1

borrower's contractual right to reinstatement. The lenders regularly unilaterally substitute their lawyers – these out-of-state foreclosure attorneys – for the original Trustee in the Deed of Trust, in violation of state law. The effect of this system is to deprive West Virginians who have the means to save their home from foreclosure from exercising their rights under the Deeds of Trust and state law.

        (c)    This case also challenges the validity of the Defendant lender's practice of unconscionably inducing borrowers into loans with exploding ARMs in mortgage loans by representation of fixed rate.

**PARTIES**

2.    (a)    The Plaintiffs, John McCormick and Alice McCormick, are consumers on a fixed income residing at 323 35th Street, Huntington, Cabell County, West Virginia 25705.

        (b)    The Plaintiffs are unsophisticated consumers with little understanding of financial matters.

3.    Defendant Wells Fargo Bank d/b/a Wells Fargo Home Mortgage, Inc. ("WFB") is a corporation doing business in West Virginia with its principal place of business at 1 Home Campus, MAC X2401-049, Des Moines, Iowa 50328.

4.    Defendant Samuel I. White, P.C. is a professional corporation of lawyers and collectors based in Virginia Beach, Virginia. their principal place of business is 5400 Corporate Woods Drive, Suite 120, Virginia Beach, Virginia, 23462.

**STATEMENT OF FACTS**

Financing with Wells Fargo Home Mortgage.

5.    (a)    The Plaintiffs purchased their home in 2004 for $40,000. The seller arranged

-2-

for the financing with Defendant WFB.

    (b)  The financing was induced by the representation that Plaintiffs could come back in one year and refinance at a fixed rate and save money.  The Plaintiffs were concerned about the high rate and the ARM.

    (c)  The loan closed on May 29, 2004.  The Defendant added in $4,497.34 in fees. The total loan was $45,00.00.

Refinancing into an adjustable rate mortgage.

   6.  (a)  The Plaintiffs returned the next calendar year for refinancing and were presented with another ARM.

    (b)  This loan paid off the on the prior account$45,853.88 – more than the original amount owed – and added over $3,000 in new fees.

    (c)  The loan closed on or around January 25, 2005.

    (d)  The Plaintiffs were thereby pushed into an adjustable rate mortgage rather than the fixed rate mortgage represented at the onset.

    (e)  The loan was closed in a hurried manner.  The Plaintiffs were presented documents to sign with the signature line only exposed.

Impact on the Plaintiffs

   7.  The Plaintiffs' original monthly payments were $354.02. After they were flipped by WFB, their payments increased to $377.58 initially.  Due to the exploding adjustable rate,  their monthly payments are now over $500.

The Deed of Trust

8.    (a)    The Deed of Trust serving as the security instrument for the loan provides for the conveyance to a neutral third party, the trustee, West Virginian Richard Pill, for security of payment to the beneficiary.  The trustee's duty was to execute the trust:

> IN TRUST FOREVER to secure the payment of the Note which is payable to the order of Lender, the beneficial owner of said Note, as its principal office at the top of this Security Instrument, the residence of said beneficial owner, and to secure also any and all extensions, modifications and renewals of said Note or any part thereof, however changed in form, manner or amount, and all other indebtedness of Borrower to Lender or Trustee hereunder.

(b)    The trust deed provides the borrower with a right to reinstate a loan, after it has been accelerated but before foreclosure, by paying the arrearage in monthly payments as if the acceleration had not occurred.:

> **19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument.

Marketing of Foreclosure Services

9.    (a)    The Defendant, Samuel I. White, P.C., which is based in Virginia Beach, Virginia,  routinely pursues foreclosure on behalf of dozens of national lenders and markets it services as specializing in foreclosure as well as civil litigation representing creditors.

Substitution without Justification

10.    (a)    The Defendant, WFB, appointed Samuel I. White, P.C. as substituted trustee in place of the original trustee without any determination of inability to serve or other disability.

(b)     The original trustee, Richard Pill – a West Virginia resident who was

designated by both parties as the neutral third party trustee at the origination of the loan – was not

contacted to determine if he was unable or unwilling to serve as trustee.

<u>Overshadowing Borrower's Rights under the FDCPA</u>

11.     Once hired by a lender to pursue foreclosure, the Defendant, Samuel I. White, PC.

sends to the borrower the following form letter:

Dear Property Owner:

       Pursuant to the Federal Fair Debt Collection Practices Act, we advise you that
this firm is a debt collector attempting to collect the indebtedness referred to herein
and any information we obtain from you will be used for that purpose. As of the date
of this letter, you owe <u>**$55,319.82**</u>. Because of interest, late charges, and other
charges that may vary from day to day, the amount due on the day you pay may be
greater. Hence, if you pay the amount shown above, an adjustment may be necessary
after we receive your check, in which event we will inform you before depositing the
check for collection. For further information, write the undersigned or call 1-757-
490-9284. The debt is owed to the creditor; and unless you, within thirty (30) days
after the receipt of this notice, dispute the validity of the debt or any portion thereof,
the debt will be assumed to be valid by this firm. If you notify this firm in writing
within the thirty (30) day period that the debt, or any portion thereof, is disputed, this
firm will obtain verification of the debt and a copy of such verification will be mailed
to you by this firm. Upon your written request within the thirty (3) day period, this
firm will provide you with a name and address of the original creditor, if different
from the current creditor. **PLEASE BE ADVISED THAT DURING THE
THIRTY (30) DAY PERIOD, THIS FIRM WILL NOT DELAY OR CEASE
WITH ITS COLLECTION OF THE DEBT.**

       If you believe that you may be entitled to the benefit of the Soldiers' and
Sailors' Civil Relief Act, it is recommended that you consult with any attorney.

       If you do not understand the meaning of the Notice, you should consult with
an attorney or seek other help. You may call this office at your expense.

**IF YOU INTEND TO <u>REINSTATE</u> OR <u>PAYOFF</u> YOUR LOAN, PLEASE
CALL THE PAYOFF/REINSTATEMENT DEPARTMENT OF OUR OFFICE
IMMEDIATELY. FOR LOANS WITH BANK OF AMERICA, CHASE,
COUNTRYWIDE, EMC, HSBC, OPTION ONE, REGIONS, UNION BANK**

AND TRUST, WACHOVIA AND WASHINGTON MUTUAL – CALL – 757-457-1414. FOR LOANS WITH ASC OR WELLS FARGO – CALL – 757-457-1413. FOR LOANS WITH HOMECOMINGS OR GMAC – CALL - 757-457-1467. FOR ALL OTHER LENDERS – CALL – 757-457-1449. WHEN CALLING PLEASE HAVE YOU LOAN NUMBER AND MORTGAGE COMPANY NAME AVAILABLE.

You are further advised that if your loan is one which was insured by the Federal Housing Administration or Veterans Administration, a Notice of the foreclosure may be forwarded to a one or more local and nationals credit reporting agencies or bureaus.

If the property is sold as scheduled, you will be required to vacate the premises and remove all of your personal possessions. Should you fail to comply with any <u>Notice to Vacate</u> that is served upon you, Court act may be required to obtain possession of the property. Please contact this office for assistance.

Very truly yours,

SAMUEL I. WHITE, P.C.

By: _____

**\* Please note, if you have been involved in Bankruptcy proceedings, this Notice is being sent to you pursuant to State Law requirements. Should you have any questions concerning whether you have ongoing obligations incident to this loan, same should be directed to your attorney.**

12.  (a)  The letter provides in bold type that foreclosure will continue during the thirty day period in which a borrower has to seek verification of the debt.

(b)  The letter fails to include transitional language informing the borrower that if he or she seeks verification of the debt, the collection activity will cease until the debt is validated.

(c)  The language of the letter overshadows borrower's right to seek verification of the debt under the FDCPA.

-6-

13.   (a)   The letter also provides that if a borrower has questions about the letter, and he or she wishes to call Samuel I. white, the call will be at the "borrower's expense."

(b)   This language contradicts the borrowers right to seek oral verification of the debt.

Interference of Right to Reinstate

14.   (a)   Samuel I. White's form letter which purports to provide for reinstatement by borrowers. The letter is not tailored to the individual lender/borrower but lists all the major creditors it represents in its foreclosure, bankruptcy, and eviction mill.

> IF YOU INTEND TO REINSTATE OR PAYOFF YOUR LOAN, PLEASE CALL THE PAYOFF/REINSTATEMENT DEPARTMENT OF OUR OFFICE IMMEDIATELY.   FOR LOANS WITH BANK OF AMERICA, CHASE, COUNTRYWIDE, EMC, HSBC, OPTION ONE, REGIONS, UNION BANK AND TRUST, WACHOVIA AND WASHINGTON MUTUAL – CALL 757-457-1414. FOR LOANS WITH ASC OR WELLS FARGO – CALL – 757-457-1413.   FOR LOANS WITH HOMECOMINGS OR GMAC – CALL – 757-457-1467. FOR ALL OTHER LENDERS – CALL – 757-457-1449.   WHEN CALLING PLEASE HAVE YOUR LOAN NUMBER AND MORTGAGE COMPANY NAME AVAILABLE.

(b)   The form letter lists a specific telephone number/clerk for each of its major clients.

(c)   The Plaintiffs received the above letter and attempted to reinstate their loan on April 21, 2008, by telephoning the Defendant Samuel I. White, P.C. at the designated number in Virginia Beach, Virginia at the address provided in their letter. The Plaintiffs were told they could not reinstate by paying the arrearage, but were required to pay the full payoff amount in order to pursue retention of the property.

(d)   The Plaintiff John McCormick twice more telephoned Samuel I. White, P.C. on April 22, 2008 in an effort to reinstate.   When he eventually reached a person other than a

recording, he was again denied his opportunity to reinstate and told only a full payoff would stop the foreclosure.

(e)     The Plaintiffs had the means to reinstate the loan when they contacted the Defendant, and were prepared to tender the amount of their arrearage to reinstate the loan.

## PART A – ILLEGAL DEBT COLLECTION BY SUBSTITUTE TRUSTEES

## COUNT I – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
(CLASS CLAIM)

15.     The Plaintiffs incorporate the preceding paragraphs by reference.

16.     The Fair Debt Collection Practices Act provides that within five days of the initial communication with a borrower, a debt collector must provide the consumer notice of her or his rights to seek verification of the debt. See 15 U.S.C. § 1692g(a).

17.     The Act further provides that if a borrower exercises her or his right to seek verification of the debt, the debt collector must cease collection on the debt until the collector provides verification of the debt. See 15 U.S.C. § 1692g(b).

18.     (a)     The form letter sent by the Defendant, Samuel I. White, P.C. in advance of foreclosure violates 15 U.S.C. § 1692g by making threats to proceed to foreclose sale during the debt validation period in such a manner that overshadows the notice of validation rights.

(b)     The form letter sent by the Defendant, Samuel I. White, P.C. in advance of foreclosure violates 15 U.S.C. § 1692g by contradicting the consumer's right to seek oral verification of the debt.

(c)     The form letter sent by the Defendant, Samuel I. White, P.C. in advance of foreclosure creates confusion for the least sophisticated consumers as to their rights as provided by 15 U.S.C. § 1692g.

19.     Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated individuals, pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure*. The class consists of all West Virginia consumers who have been or are currently in the process of foreclosure conducted by the Defendant, Samuel I. White, PC after receiving the letter set forth in ¶12 anytime after that date one year immediately preceding the filing of this action.

20.     The requirements of Rule 23 are satisfied as follows:

(a)     The class is so numerous joinder of all members is impracticable;

(b)     There are questions of law and fact common to all members of the class; and

(c)     The named Plaintiffs' claims are typical of those of the class as a whole.

21.     The Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and are represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

22.     The Defendant has acted or refused to act on grounds generally applicable to the entire class, thereby making final injunctive, declaratory and other relief appropriate for the class as a whole.

**WHEREFORE,** the Plaintiffs respectfully request the following relief:

(a)     Actual damages;

(b)     Statutory damages pursuant to 15 U.S.C. § 1692k;

(c)    Reasonable attorney's fees and the costs of this action;

(d)    Such other relief as the Court deems equitable and just.

## COUNT II – ILLEGAL DEBT COLLECTION

23.    The Plaintiffs incorporate the preceding paragraphs by reference.

24.    (a)    The Defendant, Samuel I. White, PC., in an attempt to collect a debt, misrepresented to the Plaintiffs that they could not prevent the foreclosure on their home unless their entire loan balance was paid off.

(b)    In fact, the Plaintiffs had a contractual right to reinstate the loan by paying any arrearage as if no acceleration of the loan had occurred.

25.    By misrepresenting the amount the Plaintiffs were required to pay to prevent the foreclosure, the Defendant, Samuel I. White, PC made false representation in attempting to collect a debt, in violation of *West Virginia Code* section 46A-2-127(d).

26.    The Plaintiffs were damaged by Defendant's misrepresentations.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(a)    The Court enjoin the Defendants from conducting foreclosure on the Plaintiffs' home;

(b)    Actual damages;

(c)    Statutory damages of $4,300 pursuant to *West Virginia Code* section 46A-5-101(a);

(d)    Reasonable attorney's fees and the costs of this action;

(e)    Such other relief as the Court deems equitable and just.

-10-

## COUNT III – ILLEGAL DEBT COLLECTION BY SUBSTITUTION WITHOUT JUSTIFICATION

27.     The Plaintiffs incorporate the preceding paragraphs by reference.

28.     State law provides the following grounds for substitution of trustees:

the party secured by the trust deed, or any surety indemnified by the deed, or the assignee or personal representative of any such secured party or surety has the authority *in the event of such death, removal, declination, resignation, refusal, or inability . . . to substitute a trustee or trustees in place of the trustee or trustees named in such instrument* independent of any court action otherwise required . . . .

W. Va. Code § 44-14-1(b) (emphasis added).

29.     The Defendants did not establish that the initial trustee, Richard Pill, was unable or unwilling to pursue foreclosure.

30.     The Defendants have a pattern and practice of using counsel from out of state to pursue foreclosure without establishing that proper grounds for removing the initial West Virginia resident trustee exist.

31.     By requesting its counsel to substitute itself as a trustee when the grounds for removal do not exist, the Defendants engaged in unconscionable conduct in the collection of a debt, in violation of *West Virginia Code* section 46A-2-128.

32.     The Defendants breached their duty of good faith by improperly substituting trustees when no grounds for their removal exists.

33.     (a)     The Plaintiffs were damaged by the Defendant's improper substitution of trustee when they are forced to deal with an out-of-state trustee that is not accessible or receptive to the Plaintiffs.

-11-

(b)    The Plaintiffs were further damaged when they were deprived of their contractual rights when they were required to contact out-of-state counsel to exercise the right to reinstate.

**WHEREFORE,** the Plaintiffs respectfully request the following relief:

(a)    The Court enjoin the Defendant, WFB, from requesting its counsel to substitute itself as trustee when no grounds for the removal of the trustee exist; and

(b)    The Court declare that the Defendant, Samuel I. White, PC interfered with the Plaintiffs' contractual right to reinstate their loan.

## PART B -  INDIVIDUAL CLAIMS AGAINST WELLS FARGO BANK

## COUNT IV – CLAIM FOR UNCONSCIONABLE INDUCEMENT

40.    The Plaintiffs incorporate the preceding paragraphs by reference.

41.    The Defendant WFB has engaged in a pattern of home equity skimming and predatory lending practices to make unfair loans in order to transfer ownership from borrowers to the Defendant.

42.    The Plaintiffs are unsophisticated consumers with little understanding of financial matters.

43.    By inducing the Plaintiffs to enter into a loan agreement with an exploding payment representing to them that it would be fixed, the Defendant engaged in unconscionable conduct in the origination of the loan.

44.    The loan provided the Plaintiffs was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore is unenforceable.

-12-

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

      (a)    A declaration that Plaintiffs' loan was induced by unconscionable conduct and/or contained unconscionable terms;

      (b)    Appropriate equitable relief;

      (c)    Restitution, actual damages and civil penalties, costs of litigation;

      (d)    Such other relief as the Court may deem equitable and just.

## COUNT V – FRAUDULENT INDUCEMENT

45.    The Plaintiffs incorporate the preceding paragraphs by reference.

46.    The Defendant, WFB, represented to the Plaintiffs that they would receive a fixed rate loan.  this was false.

47.    The Plaintiffs reasonably relied on the Defendant's misrepresentation in entering into the loan agreements.

48.    The Defendant's misrepresentation was intentional and material.

49.    The Plaintiffs were damaged by the Defendant's misrepresentation when they were induced into a loan with escalating payments that increased beyond their ability to pay.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

      (a)    A declaration that Plaintiffs' loan was induced by fraudulent  conduct;

      (b)    Appropriate equitable relief;

      (c)    Restitution, actual damages and civil penalties, costs of litigation;

      (d)    Such other relief as the Court may deem equitable and just.

## COUNT VI – ILLEGAL DEBT COLLECTION

50.    The Plaintiffs incorporate the previous paragraphs by reference.

51.     (a)     On January 24, 2008, the Plaintiffs notified the Defendant WFB that they were represented by counsel and directed all communications to counsel.

(b)     The Defendant received the letter on January 24, 2008, as indicated by certified receipt.

52.     The Defendant continued to communicate directly with the Plaintiffs on at least nineteen occasions in an effort to collect, despite the fact that it was aware the Plaintiffs were represented by counsel.

53.     The Defendant communicated with the Plaintiffs directly, in an attempt to collect an illegal debt, despite the fact that it was apparent the Plaintiffs were represented by counsel, in violation of *West Virginia Code* § 46A-2-128(e).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a)     Actual damages and a civil penalties of $4,300 for each violation pursuant to *West Virginia Code* § 46A-5-101(1) & 106.

(b)     Reasonable attorneys fees and the costs of this litigation; and

(c)     Such other relief as the Court deems equitable and just.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

> **JOHN McCORMICK and**
> **ALICE McCORMICK,**
> **By Counsel.**

-14-

Bren J. Pomponio (State Bar ID No. 7774)
Daniel F. Hedges (State Bar ID No. 1660)
Sara Bird (State Bar ID No. 10269)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV 25301
(304) 344-3144 (main)
(304) 344-3145 (fax)
**COUNSEL FOR PLAINTIFFS**