IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN MCCORMICK and
ALICE MCCORMICK, on behalf of
all other individuals similarly situated,

                Plaintiffs,

v.                                            CIVIL  ACTION  NO.  3:08-0944

WELLS FARGO BANK d/b/a
WELLS FARGO HOME MORTGAGE,
and SAMUEL I. WHITE, P.C.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Dismiss (doc. 8) of Defendant Wells Fargo Bank (WFB).  For the following reasons, the Court **DENIES** Defendant's motion.

**I. FACTS**

Plaintiffs John and Alice McCormick purchased their house in 2004 for $40,000.  They obtained financing in the amount of $45,000 via an adjustable rate mortgage (ARM), although Plaintiffs claim that they were told that they had the option of refinancing at a fixed rate after one year.  On or about January 25, 2005, Plaintiffs refinanced the ARM with a second ARM.  Plaintiffs allege this "loan was closed in a hurried manner" and that they "were presented documents to sign with the signature line only exposed."  Under the second ARM, Plaintiffs' house payments have increased significantly, causing them to fall behind schedule and Defendant to seek foreclosure.

## II. LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which has long been used to evaluate complaints subject to 12(b)(6) motions. 127 S. Ct. at 1969. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth "grounds" for an "entitle[ment] to relief" that are more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 1965 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 1966 (internal quotation marks and citations omitted). Two weeks after issuing its decision in *Twombly*, the Court emphasized in *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964) (other citations and some internal quotations omitted). Thus, "a universal standard of heightened fact pleading" is not required. Rather it is "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143,157-58 (2d Cir. 2007) (italics original). It is under this revised standard that the Court must evaluate Plaintiff's Complaint.

### III. DISCUSSION

Plaintiffs' claim for unconscionable inducement consists of two substantive allegations. First, Plaintiffs allege that "Defendant WFB has engaged in a pattern of home equity skimming and predatory lending practices to make unfair loans in order to transfer ownership from borrowers to Defendant." Second, they claim that, "[b]y inducing the Plaintiffs to enter a loan agreement with an exploding payment [by] representing to them that it would be fixed, the Defendant engaged in unconscionable conduct in the origination of the loan."

**A. Field Preemption**

In its motion to dismiss, Defendant WFB argues that Plaintiffs' claim is subject to field preemption. This argument is perhaps understandable in light of the Court's June 19, 2008 Opinion in *Watkins v. Wells Fargo Home Mortgage*, in which the Court found field preemption of national bank regulation under the National Bank Act (NBA). No. 3:08-0132, 2008 U.S. Dist. LEXIS 47834, at *10 (S.D. W. Va. June 19, 2008). However, the Court had a later opportunity in *Watkins* to reconsider that finding, and on November 5, 2008, the Court found that there is in fact no field preemption of national bank regulation. No. 3:08-0132, 2008 U.S. Dist. LEXIS 90432, at *17 (S.D. W. Va. Nov. 5, 2008).

The Court's Opinion of November 5, 2008, discussed three reasons why there is no field preemption under the NBA. First, the Supreme Court envisions some state regulation of national banks. *Id.; see Watters v. Wachovia Bank, N.A.*, 127 S. Ct. 1559, 1567 (2007) ("Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the NBA.") Second, the regulations

promulgated by the Office of the Comptroller of the Currency (OCC), the federal body charged with regulation of national banks, permit some state regulation. 2008 U.S. Dist. LEXIS 90432, at *19-20; *see* 12 C.F.R. § 34.4(b) ("State laws . . . apply to national banks to the extent that they only incidentally affect the exercise of national banks' real estate lending powers.") Third, even if Congress has authorized field preemption under the NBA, the OCC has declined to exercise that power.[1] 2008 U.S. Dist. LEXIS 90432, at *21; *see Congressional Review of OCC Preemption: Hearing Before the Subcomm. on Oversight and Investigations of the H. Comm. on Financial Services*, 108th Cong. 2, 4 (2004) (statement of Julie L. Williams, First Senior Deputy Comptroller and Chief Counsel, Office of the Comptroller of the Currency). Thus it is clear there is no field preemption of national bank regulation.

## B. Conflict Preemption

Defendant also argues, in footnote 3 of its motion, that "Plaintiffs' unconscionable inducement claim is preempted under the doctrine of conflict preemption" because "[t]he NBA and the regulations issued thereunder by the OCC directly conflicts (sic) with Plaintiffs' state law unconscionable inducement theory." Defendant is correct when, elsewhere in its motion, it argues that the "unconscionable inducement" title is not determinative and that "this Court should look through Plaintiffs' labels and consider the actual substance of the claim." *See id*. at *9-14 (discussing the need to look at the substantive allegations proffered in support of a claim).

Applying this principle, the Court finds that neither of the two allegations contained in Plaintiffs' "unconscionable inducement" claim are subject to conflict preemption. In fact, in

---

[1]As in *Watkins*, "[t]he Court does not consider whether Congress has authorized field preemption. The OCC's statement that it does not exercise field preemption satisfies the Court that it does not exist." 2008 U.S. Dist. LEXIS 90432, at *21 n.2.

*Watkins*, the Court considered, nearly verbatim, Plaintiffs' allegation that "Defendant WFB has engaged in a pattern of home equity skimming and predatory lending practices to make unfair loans in order to transfer ownership from borrowers to the Defendant." *See id*. *25-26 (considering allegation that "Defendant ha[d] engaged in a pattern of home equity skimming and predatory lending practices to make unfair loans in order to transfer . . . home equity from borrowers to . . . Defendant"). The Court also considered in *Watkins* an allegation that was substantially similar to Plaintiffs' allegation that Defendant WFB misrepresented to them that the loan was for a fixed rate. *See id.* at *26 (considering allegation that the defendant misrepresented finance charges as principal, "thereby making [the plaintiff's] interest charges higher than represented"). The Court found that both of these allegations were not subject to conflict preemption because "[n]o federal law permits a national bank to misrepresent to borrowers the nature of its charges." *Id.* Tellingly, although Defendant WFB claims that "[t]he NBA and the regulations issued thereunder by the OCC directly conflicts (sic) with Plaintiffs' state law unconscionable inducement theory," it fails to say precisely which portion(s) of the NBA or regulation(s) would permit the activities of which Plaintiffs complain here. Accordingly, the Court believes that Plaintiffs' unconscionable inducement claim is subject to neither field nor conflict preemption.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant WFB's Motion to Dismiss (doc. 8).

The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

    ENTER: January 22, 2009

    _____
    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE