IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JOHN McCORMICK and
ALICE McCORMICK, on behalf
of all other individuals similarly situated,

    Plaintiffs,

v.                                  CIVIL ACTION NO. 3:08-0944

WELLS FARGO BANK d/b/a/
WELLS FARGO HOME MORTGAGE,
and SAMUEL I. WHITE, P.C.,

    Defendants.

## **ORDER**

      This matter comes before the Court on plaintiffs' motion to compel, filed January 12, 2009. As a consequence of the Court's February 26, 2009 order dismissing Counts I and III of the Complaint, responses to plaintiffs' discovery requests, interrogatory number 3 and request for production number 2, would be relevant only to Count II of the Complaint, a count in which plaintiffs allege that misrepresentations were made by the defendant, Samuel I. White, P.C. ("SIWPC"), with respect to their rights to reinstatement of their loan, in violation of the West Virginia Consumer Credit and Protection Act. W. Va. Code 46A-2-127(d).  By their discovery requests, plaintiffs seek the identity of "other borrowers who have had foreclosures conducted by SIWPC" to see if they were similarly misinformed by defendant.

It seems clear that this information is "reasonably calculated to lead to the discovery of admissible evidence." Evidence of "habit" or of "routine practice" is, under Rule 406, Fed. R. Evid., "relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice," and if others who have had foreclosures conducted by SIWPC have been "misled," as plaintiffs allege they were, testimony from these borrowers, if numerous, would likely be admissible to establish that misrepresentations were made to plaintiffs.[1]

The only substantial objection to requiring responses to the discovery requests stem from defendants contention that responding to the requests would be unduly burdensome. In support of this contention, defendant has submitted an affidavit from an SIWPC attorney familiar with its storage of records. In the affidavit, the attorney asserts that responding to the discovery requests would "take several individuals working full-time several months."[2] Concluding that the assertions in the affidavit are to a significant degree conclusory and lack a specific factual basis and recognizing that a party cannot "excuse itself from compliance with [discovery requests] by utilizing a system of record-keeping which . . . makes it unduly difficult" to retrieve relevant information, Kozlowski v. Sears, Roebuck & Company, 73 F.R.D. 73, 76 (D. Mass. 1976), the court does not believe that defendants claim that securing the information would be burdensome relieves it of any obligation to respond. Accordingly, defendants shall answer interrogatory number 3, limiting its answer to "Fair

---

[1] See Mobil Exploration and Producing U.S., Inc. v. Cajun Construction Services, Inc. 45 F.3d 96, 99-100 (5th Cir. 1995); Vining v. Enterprise Financial Group, Inc., 148 F.3d 1206, 1218 (10th Cir. 1998); Rosenburg v. Lincoln American Life Insurance Company, 883 F.2d 1328, 1336 (7th Cir. 1989). See also, Marks v. Global Mortgage Group Inc., 218 F.R.D. 492, 497 (S.D. W.Va. 2003).

[2] Why a review of the files would take so long is not at all clear. In the affidavit, it is stated that "files relating to the state of West Virginia are not segregated from files relating to other states;" however, there is no indication what other states are involved. Similarly, there is no indication of the number of files involved in the search.

Debt" letters contemplating foreclosures with respect to West Virginia homeowners for the period from January 1, 2005 to the date plaintiffs initially filed their complaint in the Circuit Court of Cabell County, in June of 2008, and it is so **ORDERED**.[3] In their reply memorandum, plaintiffs state that they only seek information with respect to homeowners "who contacted SIWPC seeking to reinstate," and defendant may limit its response to these homeowners. In light of the court's dismissal of Count I of Complaint, defendant will not be required to produce copies of the letters sought in request for production number 2.

      The Clerk is directed to transmit a copy of this Order to all counsel of record.

      ENTER: March 20, 2009

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]Defendant has the option of making the records available for inspection under Rule 33(d) if the burden of ascertaining the answer would be "substantially the same for either party."